IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTHONY C. GORDON                                                                                    PLAINTIFF

v.                                    Civil No. 6:23-CV-06054-SOH-CDC

SUPERINTENDENT BYERS, DEPUTY                                                       DEFENDANTS
WARDEN GRIFFIN, DIRECTOR DEXTER
PAYNE, AUDDREA CULDAGER,
WELLPATH and DR. DAVIS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on May 1, 2023. (ECF No. 1). Due to deficiencies in his initial and First Amended Complaints, the Court entered two Orders directing him to file an Amended Complaint. (ECF Nos. 7, 9). Plaintiff filed his Second Amended Complaint on June 13, 2023. (ECF No. 10). Plaintiff alleges that in January, February and March of 2023, he was denied dentures while incarcerated in the Arkansas Division of Correction ("ADC"). (*Id*. at 5-6). Specifically, he alleges ADC policy states "roughly" that inmates arriving in the ADC will not routinely be given dentures. (*Id*. at 5). He alleges Defendant Davis, a dentist, told him that

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

dentures were "not medically indicated at this time." (*Id*.). He alleges Defendant Payne, working with Wellpath, has established a policy of disallowing dentures to inmates. (*Id*. at 6). He further alleges that Defendants Griffin, Byers, and Culdager have enforced this policy and denied him dentures. (*Id*.). Plaintiff does not allege any objective facts which describe why he believes he needs dentures.

Plaintiff proceeds against all Defendants in their official and individual capacities. (*Id*. at 6). He seeks compensatory and punitive damages, as well as other relief. (*Id*. at 8). As his other relief, he asks for a proper fitting and a functional set of dentures, and that the ADC be forced to change its policies so that inmates receive medical and dental care including any needed medical or dental appliances. (*Id*. at 8).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal

pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Plaintiff has failed to provide sufficient specific facts in his allegations to support a claim for medical indifference. The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted). Plaintiff has not alleged that he was diagnosed with a need for dentures. Indeed, he has not alleged that he was diagnosed with any objective dental conditions. Thus, Plaintiff failed to meet the first, objective prong of the

deliberate indifference test. Further, Plaintiff states only that the ADC dental provider told him dentures were not medically necessary at this time, and this decision was upheld by the other Defendants. He clearly disagrees with this dental decision, but such disagreement does not rise to the level of a constitutional violation. *See Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal citation omitted) (It is well settled that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation.").

### IV. CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **19th day of July 2023**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE